WM. E. WASHBURN ET AL., PLAINTIFFS IN ERROR, V.
DANIEL McGUIRE, DEFENDANT IN ERROR.

**Attachment**: AFFIDAVIT: CASE STATED. Affidavit for attachment contained, among others, the following allegation: "And that the defendant, D. McG., is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors." On motion to discharge the attachment on the ground and for the reason that the facts stated in the affidavit for attachment are untrue, and it appearing by affidavit that on the day of the issuance of the attachment the defendant executed and placed on record two deeds to his wife, by each of which he conveyed to her a lot of land, for a nominal consideration, respectively; and one of said conveyances being explained and shown not to be fraudulent by the respective affidavits of defendant and his wife, but the other conveyance not being explained, nor in any manner accounted for, or even alleged to have been made in good faith, or for a valid consideration, the order of the district court discharging said attachment reversed.

ERROR to the district court of Gage county. Tried below before BROADY, J.

*Babcock & Davidson*, for plaintiffs in error.

*Hardy & McCandless*, for defendant in error.

COBB, J.

Washburn Bros., plaintiffs, commenced an action against Daniel McGuire, defendant, for a balance claimed to be due them of $388.36, and interest. The defendant made a general denial to the plaintiffs' petition. Plaintiffs also sued out an order of attachment in said cause, alleging as ground for attachment, "That the defendant, Daniel Mc Guire, is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond his creditors, and that he is about to dispose of his property, or a part thereof, with the intent to defraud his creditors."

Property of the defendant was attached under the said order. On the 18th day of September, 1885, defendant filed a motion to discharge the attachment for the reason that the facts stated in the affidavit for attachment are untrue.

At the hearing on the 1st day of October, 1885, the court sustained the said motion and discharged the said attachment. To reverse which order the said cause is brought to this court on error by the plaintiffs.

It appears that, pending the suit and before the service of the order of attachment, the defendant conveyed certain village lots to Jane B. McGuire, his wife.

The question raised by the motion of defendant was tried by affidavits. On the part of the defendant was filed his own affidavit, that of his wife, Jane B. McGuire, that of his attorney, A. D. McCandless, each of whom testified as to the facts and circumstances connected with the transactions complained of by plaintiffs, and those of nine citizens of Wymore, who testify as to the good character of the defendant, and their opinion of his innocence of the fraud charged against him.

The affidavit of the defendant, in addition to denying all fraud, fraudulent intent, or intention to dispose of his property, or any part thereof, for the purpose of placing it beyond the reach of his creditors, also sets out that all of the plaintiffs' claim except $55.51 is secured by mechanics' liens on different parcels of real estate; also that "he conveyed said lot 15 in block 29 to Jane B. McGuire, his wife, for the reason that the money used in the purchase of said lot belonged to her, and said property was in fact hers, and that said transfer was made in good faith, and without any intention to defraud plaintiff," etc.

The affidavit of Jane B. McGuire, wife of defendant, alleges that lot 15 in block 29, in Wymore, was purchased and the improvements thereon made with her money, and that the said property was in fact hers, etc. But neither

she nor Daniel McGuire give any reason or offer any explanation for the conveyance to her by the defendant of lot 6 in block 27, in Wymore's addition to the town of Wymore, which, according to the affidavits of both of the Washburns, was conveyed by said Daniel McGuire to Jane B. McGuire on the same day, but by a different deed, as the other lot.

I think the affidavits filed on the part of defendant sufficient to change the burden of proof of fraud back upon the plaintiffs, except as to the conveyance of said lot 6 in block 27, in Wymore's addition; but there being no denial of the allegations of the original affidavit for attachment, so far as the same relates to that conveyance, such allegations must be deemed to be true.

The order of the district court is therefore reversed, and the said attachment restored.

JUDGMENT ACCORDINGLY.

THE other judges concur.